# In re Brogna's License

*R. E. Haas* and *C. M. Bolich,* for appellant.

*D. J. Flood,* for Pennsylvania Liquor Control Board.

Iobst, P. J., and Henninger, J., March 7, 1938.—The Hillside Hotel, situated in South Whitehall Township, Lehigh County, at a remote crossroads, off the main traveled roads, had been notorious for many years as a place where liquor was dispensed illegally and as a bawdy house. About eight years ago its proprietor was sent to the penitentiary and the place remained empty and went to ruin. A year or two ago, one Molly Gordon purchased what was left of the building and spent some $6,500 in its rehabilitation. It was then leased to William P. Brogna

and licensed as a hotel. There is no criticism of the operation of the hotel under Brogna, but he failed to make a success of his venture and sold to one Stephen Cenchitz in September or October 1937. For about six weeks Cenchitz operated the place in a very discreditable manner, and, upon his failing to get a license, he moved out early in November 1937, whereupon the owner secured Winneretta D. Reiter as a lessee of the hotel and purchaser of Brogna's goods and license. She has been operating the place since that time without the right to dispense liquor.

The Pennsylvania Liquor Control Board refused to transfer the license to appellant, or to issue her a new license for the year 1938, alleging in its refusal that the place was not operated as a bona fide restaurant and was not a reputable place. Mrs. Reiter appealed to this court and a hearing was held February 14, 1938.

The Commonwealth has raised several objections to the transfer and application, but has stressed particularly the reputation of the licensed premises. As to that, the Cenchitz occupancy was too fleeting to fasten a bad reputation upon the hotel stand. It enjoyed a good reputation while Brogna conducted it and no derogatory evidence was offered covering the two and a half months' period since applicant has been there. We are only too well aware of its bad reputation in years gone by, but feel that reputation should not militate against the place after a lapse of eight years, during which it was absolutely unoccupied and, therefore, have decided that it may be licensed.

It is to the interest of both the landlord and the applicant to keep the place reputable in the future. If they do not, we shall not hesitate to sustain a revocation of the license here granted, regardless of any financial hardship to the landlord or proprietor, for the morals of the community deserve our consideration above any such claims. The same ruling will apply to any attempt to

transfer. The owner has held out applicant as a fit person to hold a license and must suffer with her should she prove unworthy. We do not propose to subject this neighborhood to a series of undesirable hotel proprietors simply to enable the property owner to derive a revenue from this hotel.

Now, March 7, 1938, the appeal of Winneretta D. Reiter from the refusal of the Pennsylvania Liquor Control Board to transfer to her the 1937 hotel license for the Hillside Hotel in South Whitehall Township, Lehigh County, Pennsylvania, and to issue her a 1938 hotel license for the same is sustained and said board is hereby ordered and directed forthwith to make said transfer and to issue said license upon tender of the proper fees.